UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| John Doe, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| City of St. Louis, Missouri, | ) |
| | ) |
| Correctional Medical Services, Inc., in its individual and official capacities, | ) |
| | ) No. 4:10-cv-2158 |
| Eugene Stubblefield, individually and in his official capacity, | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| Susan Singer, individually and in her official capacity, | ) |
| | ) |
| Brenda Mallard, individually and in her official capacity and | ) |
| | ) |
| Pat Roes 1-5, in their individual capacities, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## <u>Complaint</u>

*Introduction*

1.      This is a civil rights action filed by John Doe ("Doe"), a recent inmate of

the Medium Security Institution ("MSI"), which is correctional facility located within and

operated by the City of St. Louis.  At some times relevant to this suit, Doe was an inmate

the Justice Center, also a correctional facility located within and operated by the City of St.

Louis.  Doe is HIV positive and, prior to his incarceration, was being successfully treated

by his physician.  In this action for prospective relief and damages under 42 U.S.C. § 1983,

Doe alleges Defendants demonstrated deliberate indifference to his serious medical needs

related to his illness. Examples of this deliberate indifference include, but are not limited to, their failure to provide him *any* treatment for a period of more than two weeks upon his incarceration and their subsequent sporadic treatment with respect to prescribed medication and dosages.

*Jurisdiction and Venue*

2.     This Court has jurisdiction over Plaintiff's claims of violation of federal constitutional rights pursuant to 42 U.S.C. §§ 1331(1) and 1443.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and E.D.Mo.L.R. 2.07(A)(1) because the claims for relief arose in the City of St. Louis, Missouri.

*Parties*

4.     Plaintiff Doe was incarcerated at MSI or the Justice Center, correctional facilities located in and operated by the City of St. Louis, Missouri, from late-winter 2010 until November 2010, and at all times relevant to this Complaint. He is currently released on bond and residing within the City of St. Louis, Missouri.

5.     Defendant City of St. Louis, Missouri ("City") is a duly organized political subdivision of the State of Missouri. Defendant City owns and operates MSI and the Justice Center.

6.     Defendant Correctional Medical Services, Inc. ("CMS") is a Missouri corporation in good standing that is located and doing business within the Eastern District of Missouri. Defendant CMS is sued in its individual and official capacities.

7.     Defendant City, contracts with Defendant CMS to provide health care service to pretrial detainees, including Plaintiff, who are incarcerated at correctional facilities operated by the City, including MSI and Justice Center.

8.      Defendant Eugene Stubblefield ("Stubblefield") is and has been at all relevant times the Superintendent of the Division of Corrections ("DOC") under the Department of Public Safety in the City, and is charged with the responsibility for operations of the City's correctional facilities as well as the training and supervision of personnel within the facilities.  Upon information and belief, he is the ultimate policymaker for the City with respect to the operations of the DOC.  Defendant Stubblefield has had knowledge of the constitutional violations alleged herein since no later than October 1, 2010.  He is named in his individual and official capacities.

9.      Defendant Susan Singer ("Singer") is a physician responsible for Plaintiff's treatment while in custody of the City.  Upon information and belief, Defendant Singer provides services both as an employee of CMS and as an independent contractor.

10.      Defendant Brenda Mallard ("Mallard") is a physician who has treated Doe while in custody of the City.  Upon information and belief, Defendant Mallard provides services both as an employee of CMS and as an independent contractor.

11.      Defendants Pat Roe 1-5 were during the events alleged in this complaint employees of the City or CMS.  Plaintiff has not yet identified these Defendants.  They are named in their individual capacities.

12.      Each defendant acted under color of state law at all times relevant to this complaint.

3

*Facts*

13.     Starting in late-winter 2010, Plaintiff was incarcerated as a pre-trial detainee in the Justice Center.

14.     Until November 2010, Plaintiff remained incarcerated as a pre-trial detainee at correctional facilities owned and operated by the City.

15.     Plaintiff is HIV-positive.

16.     HIV presents serious medical needs.

17.     Prior to his incarceration, Plaintiff was being successfully treated by his physician.

18.     Promptly upon entering the custody of the City and his arrival at a correctional facility operated by Defendant City, Plaintiff notified DOC and CMS personnel that he is HIV-positive and requires daily prescribed medication for this serious medical condition, and also told them about his medicines and dosages.

19.     On or about three days after the start of his incarceration, Plaintiff executed a release of information authorizing his physician to release his medical information, including HIV status, treatment, and medication to the Justice Center.

20.     At 4 p.m. on the same day Plaintiff executed the release of information, Defendant Singer contacted Plaintiff's physician about Plaintiff's prescribed HIV medications.

21.     Within an hour of contacting the Plaintiff's physician, the physician's office faxed to Defendant Singer the names and dosages of the medications that had been prescribed for Plaintiff.

22.     Despite repeated complaints from Plaintiff to DOC and CMS personnel, verbally and in writing, Plaintiff did not receive treatment for his HIV disease.

23.	On or about ten days after the start of his incarceration, for example, Plaintiff submitted to DOC and CMS personnel a "*Correctional Medical Services* Health Services Request Form" on which he wrote: "Have never seen doctor or received life saving med.  Have been here [for ten days].  Have ask[ed] several times."

24.	Plaintiff did not receive any medication until the eleventh day after the start of his incarceration, when he received Tylenol.  Tylenol is not an appropriate or adequate treatment for HIV.

25.	Tylenol was the only medication Plaintiff received until the seventeenth day after the start of his incarceration when he finally began to receive treatment for HIV.

26.	Treatment was, however, sporadic, which has dangerous consequences for persons with HIV, such as Plaintiff.  For example, the prescribed medication was often not received, including but not limited to on April 13, 2010; April 14, 2010; April 15, 2010; April 24, 2010; May 15, 2010; May 29, 2010; June 1, 2010; June 9, 2010; June 24, 2010; July 7, 2010.  Additionally, administration of prescribed medications has been sporadic for extended periods.

27.	Defendants at all relevant times had actual knowledge of Plaintiff's serious medical condition and his need for HIV treatment with prescribed medications.

28.	Defendants failed to take reasonable measures to meet Plaintiff's serious medical needs.

29.	The systemic and individual actions and inactions, which unconscionably denied Plaintiff's lifesaving, pre-incarceration HIV treatment for the first sixteen days of his custody, adversely, and detrimentally affected and continues to affect Plaintiff's condition or prognosis or both.

30.     The repeated systemic and individual failures after the Plaintiff finally began receiving HIV medication (on the seventeenth day of his incarceration), to provide him every dose of the medication prescribed for his HIV treatment adversely and detrimentally affected and continues to affect Plaintiff's condition or prognosis or both.

31.     The actions and inactions by the individually named defendants caused clear constitutional violations and the adverse and detrimental effect on Plaintiff's condition or prognosis or both.

32.     Defendant CMS maintains a policy, practice, or custom of deliberate indifference to the serious medical needs of persons with HIV, of denying or delaying medical treatment of newly incarcerated persons, and of failing to adequately follow vital medication regimes.  The actions, and inactions, of the defendants as alleged herein were in furtherance of the policy, practice, and custom of CMS.

33.     Defendant City maintains a policy, practice, or custom of deliberate indifference to the serious medical needs of persons with HIV, of denying or delaying medical treatment of newly incarcerated persons, and of failing to adequately follow vital medication regimes.  The actions, and inactions, of the defendants as alleged herein were in furtherance of the policy, practice, and custom of the City.

34.     The policies, practices, or customs of Defendants City and CMS are the driving force behind the actions and inaction alleged herein and the Plaintiff's injuries.

35.     At all times relevant to the allegations herein, defendants were aware of Plaintiff's medical needs, were deliberately indifferent to Plaintiff's medical needs, and violated Plaintiff's rights under the Eighth and Fourteenth Amendments.

36.     As a direct and proximate cause of the Defendants' actions and inactions described herein and the policies, practices, or customs of Defendants City and CMS, Plaintiff suffered damages, including:

        A.     Violation of his constitutional rights,

        B.     Suffering,

        C.     Stress,

        D.     Fear,

        E.     Physical injury,

        F.     Mental and emotional distress, and

        G.     Adverse and detrimental affect on Plaintiff's condition or prognosis or both.

37.     Plaintiff continues to suffer damages as a direct and proximate cause of the harm inflicted upon him by Defendants.

38.     Defendants City, CMS, Stubblefield, Singer, and Mallard failed to train and supervise their employees or supervisees—including Defendant Singer, Defendant Mallard, the not-yet identified Pat Roe defendants, and others; the failure caused the damages Plaintiff suffered and continues to suffer.

39.     Upon information and belief, if Plaintiff is not promptly and consistently provided with medications, in vital compliance with the physician prescribed regime for treatment of his HIV, then the adverse and detrimental affect on his condition or prognosis or both continues and exacerbates.  Although Plaintiff was recently released on bond, criminal charges remain pending against him; therefore, there is a real and immediate threat that he will be subjected to similar injuries in the future in light of the persistent pattern of deliberate indifference by Defendants.

<u>COUNT I</u>
Violation of Civil Rights
42 U.S.C. § 1983
Eighth and Fourteenth Amendment – Deliberate Indifference
Against Correctional Medical Services, Inc., in its individual capacity; Eugene
Stubblefield, in his individual capacity; Susan Singer, in her individual capacity; Brenda
Mallard, in her individual capacity, and Pat Roes 1-5, in their individual capacities

40.     Plaintiff incorporates herein the allegations made in each preceding

paragraph as if each were set forth here verbatim.

41.     Upon information and belief, Defendants CMS in its individual capacity;

Stubblefield, in his individual capacity; Singer, in her individual capacity; Mallard, in her

individual capacity; and Pat Roes 1-5, in their individual capacities, were each aware of

Plaintiff's serious medical needs at all relevant times.

42.     Upon information and belief, Defendants CMS, in its individual capacity;

Stubblefield, in his individual capacity; Singer, in her individual capacity; Mallard, in her

individual capacity; and Pat Roes 1-5, in their individual capacities, individually and

jointly caused an unconscionable interruption in Plaintiff receiving necessary medical

treatment.

WHEREFORE AS TO COUNT I, Plaintiff requests this Court grant the following relief:

A.     Issue a declaratory judgment stating that: the greater than two week failure

to provide any treatment and failure to provide vital compliance with the

physician prescribed regime of medication to Plaintiff by Defendants CMS,

in its individual capacity; Stubblefield, in his individual capacity; Singer, in

her individual capacity; Mallard in her individual capacity; and Pat Roes 1-

5, in their individual capacities, violated, and continues to violate,

Plaintiff's rights under the Eighth and Fourteenth Amendments to the

United States Constitution;

8

B.      Issue an injunction ordering Defendants CMS, in its individual capacity; Stubblefield, in his individual capacity; Singer, in her individual capacity; Mallard, in her individual capacity; and Pat Roes 1-5, in their individual capacities, or their agents, to in the future provide Plaintiff with proper medical care under the supervision of an HIV specialist;

C.      Award to Plaintiff appropriate compensatory and punitive damages; and

D.      Grant to Plaintiff such other and further relief as is just and proper under the circumstances.

<u>COUNT II</u>
Violation of Civil Rights
42 U.S.C. § 1983
Eighth and Fourteenth Amendment – Deliberate Indifference
Against City of St. Louis, Missouri; Correctional Medical Services, Inc.,
in its official capacity; Eugene Stubblefield, in his official capacity;
Susan Singer, in her official capacity; and Brenda Mallard in her official capacity

43.     Plaintiff incorporates herein the allegations made in each preceding paragraphs as if each were set forth here verbatim.

44.     Defendants City; CMS, in its official capacity; Stubblefield, in his official capacity; Singer, in her official capacity; and Mallard, in her official capacity, individually and jointly, have policies, practices, or customs that caused the individual defendants to demonstrate deliberate indifference to Plaintiff's serious medical needs.

45.     Defendants City; CMS, in its official capacity; Stubblefield, in his official capacity; Singer, in her official capacity; and Mallard, in her official capacity, individually and jointly, have failed to adequately train or supervise the individual defendants and the failure to adequately train or supervise the individual defendants caused the damages alleged herein.

WHEREFORE AS TO COUNT II, Plaintiff requests that this Court grant the following relief:

A.     Issue a declaratory judgment stating that: the greater than two week failure to provide any treatment and failure to provide vital compliance with the physician prescribed regime of medication to Plaintiff and the resulting violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution were, and are, caused by the policies, practices, or customs of Defendants City; CMS, in its official capacity; Stubblefield, in his official capacity; Singer, in her official capacity; and Mallard, in her official capacity, as well as by the failure of Defendants City; CMS, in its official capacity; Stubblefield, in his official capacity; Singer, in her official capacity; and Mallard, in her official capacity, to provide adequate training and supervision;

B.     Issue an injunction ordering Defendants City; CMS, in its official capacity; Stubblefield, in his official capacity; Singer, in her official capacity; and Mallard, in her official capacity, to develop and implement policies to ensure that Plaintiff and other pretrial detainees who are HIV positive immediately receive, upon being taken into custody, their pre-incarceration medications in vital compliance with their physician prescribed regime,  and that employees and agents of these defendants are adequately trained and supervised;

C.      Issue an injunction ordering Defendants City; CMS, in its official capacity; Stubblefield, in his official capacity; Singer, in her official capacity; and Mallard, in her official capacity, to in the future provide Plaintiff with proper medical care under the supervision of an HIV specialist;

D.      Award to Plaintiff appropriate compensatory damages; and

Grant to Plaintiff such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

AMERICAN CIVIL LIBERTIES UNION
OF EASTERN MISSOURI

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT,  #44827MO
GRANT R. DOTY, #60788MO
454 Whittier Street
St. Louis, Missouri 63108
PHONE:  (314) 652-3114
FAX: (314) 652-3112
tony@aclu-em.org
grant@acul-em.org

ATTORNEYS FOR PLAINTIFF