UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| John Doe, | ) |
|       Plaintiff, | ) |
| v. | ) No. 4:10-cv-2158 JCH |
| City of St. Louis, Missouri, et al., | ) |
|       Defendants. | ) |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO DISCLOSE EXPERT WITNESSES**

Comes now Plaintiff and moves this Court for an further extension of time from September 2, 2011, to through and including September 30, 2011, for Plaintiff to disclose all expert witnesses and provide the reports required by Rule 26(a)(2), FED.R.CIV.P., and from September 16, 2011, to through and including October 14, 2011, to make expert witnesses available for deposition and have depositions completed. In support, he states:

      1.      Plaintiff's first request for production, served on Defendant CMS on March 23, 2011, asked for all documents articulating "the policies, customs, or practices, and standards" at the facilities where Plaintiff was held - *inter alia* regarding medical care and medication administration. Responses were due on April 22, 2011.

      2.      On June 9, 2011, Defendant CMS produced excerpts of the "Correctional Medical Services Health Services Policy & Procedure Manual" for the "Saint Louis City Jails" (CMS #316-405). These policies were distributed in 2003 and implemented in January 2004.

      3.      This past Thursday, August 4, 2011, Plaintiff received Defendant CMS's fourth supplemental response to his request of March 23, 2011. The documents produced include

excerpts from a different policy manual for "Saint Louis City Jails," dated 2008, with different references than the policies provided on June 9, 2011 (i.e., CMS Policy #001-122).

4. Plaintiff's counsel has provided his prospective experts with the policies that had earlier been produced so that they could opine about what role the policies might have had in causing the constitutional violation to Plaintiff. Plaintiff is now required to provide the lately produced policies to the prospective experts and those experts might be required to re-examine their opinions based on the policies produced on August 4, 2011.

5. Additional time is required because of the newly disclosed documents.

6. No party will be prejudiced by the granting of this motion. To the extend there is any prejudice, it has been caused by Defendant CMS, which waited until August 4, 2011, to produce policies that were responsive to a request for production made on March 23, 2011. Plaintiff will be prejudiced if he is required to disclose his experts and their reports without adequate time to evaluate the newly produced material.

WHEREFORE Plaintiff moves this Court for entry of an order extending from September 2, 2011, to through and including September 30, 2011, for Plaintiff to disclose all expert witnesses and provide the reports required by Rule 26(a)(2), FED.R.CIV.P., and from September 16, 2011, to through and including October 14, 2011, to make expert witnesses available for deposition and have depositions completed.

Respectfully submitted,

 */s/  Grant R. Doty*
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
ACLU of Eastern Missouri
454 Whittier Street
St. Louis, Missouri 63108
Phone – 314/652-3114; Fax – 314/652-3112
grant@aclu-em.org
**Attorneys for Plaintiff**

2

## Certificate of Service

I certify that a copy of the forgoing was filed electronically with the Clerk and delivered by operation of the CM/ECF system to the counsel of record on August 9, 2011.

*/s/ Grant R. Doty*