**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CV- 2158-JAR |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Bifurcate liability and damages issues for purposes of trial [ECF No. 176]. In support of his motion, Plaintiff maintains that bifurcation will promote judicial economy and avoid prejudice to both parties. Defendants oppose bifurcation, arguing that the injury and damages analysis is an essential element of a deliberate indifference claim.

Fed.R.Civ.P. 42(b) permits a court to bifurcate a trial when such bifurcation is "in furtherance of convenience or to avoid prejudice or when ... [it] will be conducive to expedition." The decision on bifurcation is left to the discretion of the trial court. Ireland v. Bauer Corp., 2006 WL 6869426, *2 (W.D.Mo. September 18, 2006). District judges have considerable latitude in deciding the most efficient and effective method of disposing of the issues in a case, so long as a party is not prejudiced. Id. (citing Rolscreen Co. v. Pella Products of St. Louis, Inc., 64 F.3d 1202, 1209 (8th Cir.1995)). Plaintiff has not demonstrated he will be unduly prejudiced by a standard liability-and-damages trial.

Accordingly,

Plaintiff's Motion to Bifurcate [ECF No. 176] is **DENIED**.

Dated this 4th day of April, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE